BANK OF ALEXANDRIA, (UNITED STATES v.) See Case No. 14,514.

## Case No. 855.

BANK OF ALEXANDRIA v. WILSON.

[1 Cranch, C. C. 168.] [1]

Circuit Court, District of Columbia. June Term, 1804.

NEGOTIABLE INSTRUMENTS — RIGHT OF HOLDER TO SUE INDORSER—CHARTER OF BANK OF ALEXANDRIA.

The Bank of Alexandria, under its first charter, could maintain an action against an indorser of a note made negotiable in that bank, without first bringing suit against the maker.

[See Yeaton v. Bank of Alexandria, 5 Cranch, (9 U. S.) 49.]

At law. [James] Wilson was indorser of the note of Ricketts, Newton & Co. and Alexander Henderson & Co. The note was discounted at the Bank of Alexandria for the benefit of Alexander Henderson & Co.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Messrs. Taylor, C. Lee, and Jones, for the defendant, contended, That the provisions of the charter of the bank respecting summary judgments, applied only to the party who was the real debtor. That in Virginia the maker must be sued, &c., before resort can be had to the indorser. The act of assembly does not alter the general law of Virginia respecting promissory notes. If the charter meant that all the parties should be sued at the same time, it would have had words to that effect. In the act giving an action of debt on bills of exchange, such words have been used. The remedy is against the person indebted—the defaulter. The indorser does not become indebted until the insolvency of the maker is made to appear by suit, &c. The indorsement does not create the debt. In a suit upon the indorsement of a bond, the same remedy is given; bonds and notes are put upon the same footing by the act. The statute only provides a new remedy. It does not prescribe a new mode of creating a debt. The indorsement does not of itself make the indorser the debtor. The persons liable to this remedy must be indebted to the bank on bonds, bills or notes given or indorsed by them, with an express consent in writing that they may be negotiable at the said bank, and must have refused to pay the same when due.

Mr. Simms, for the plaintiff. Every contract is to be carried into effect according to the intention of the parties at the time of contracting. That intention is shown by the general understanding and practice of persons dealing with the Bank of Alexandria, and of other banks. The charter is to be construed according to the intent of the legislature, to be collected from the whole act. The intent was to give a speedy remedy against the indorser as well as against the maker. The words of the charter are, "At the time the same may become due." If the indorser does not pay at that time he is liable to the speedy remedy. The debt arises at the time of indorsement. Kyd, Bills, 113, 114. Bonds would be on the same ground under this act of assembly, if the words "negotiable in the Bank of Alexandria." were inserted in them. The intention of the parties to the note and of the legislature in enacting the law, was that all the parties should be liable to the speedy remedy. The construction of the statute ought to be such as to remove the evil, and advance the remedy. A new remedy was not the only object of the legislature. They have prescribed the mode of creating the debt, by requiring the insertion of the words "negotiable at the Bank of Alexandria."

Mr. Swann, on the same side. It is said the law is unconstitutional; that by the bill of rights no exclusive privileges can be granted except for public services. This argument would go to destroy all the corporations in the state of Virginia, and would apply to all the cases of summary remedy given by statute, as in the case of sheriffs, landlords, judgments on motions, securities, fire insurance company, &c. The bank itself is liable to the same short process. The preamble of the act is a key to its construction. The object is punctuality of payment. The words "indebted by bond, bill, or note given or indorsed," show that a person may become indebted by indorsement. If indebted by indorsement, at what time is that debt to be paid? The law says the action shall lie if the money is not paid at the time the same, that is the bond, bill, or note, shall become due.

Mr. C. Lee, in reply. The summary remedy was not necessary. It is a private institution, trading for its own benefit. The statute only provides a remedy; it does not alter the relative liability of the parties. It does not adopt the statute of Anne. It puts bonds, having the words, "negotiable at the Bank of Alexandria," on the same footing as notes. The case of Lee v. Love, 1 Call, 497, decides, that between private persons those words make no difference. As it respects the bank, it only gives the summary remedy, that is, a speedy trial.

THE COURT was of opinion (nem. con.) that it was not necessary to bring suit against the maker of the note in order to create a right of action against the indorser. KILTY, Chief Judge, said, "As it is in other cases."

CRANCH, Circuit Judge, said his opinion was made up on the ground that no case had yet been decided that an indorsed promissory note, payable to order, was not a negotiable note; or a bill of exchange; and that he was of opinion that, upon such a note, no suit was necessary against the maker, in any case, to support an action against the indorser.

---

## Case No. 856.

### BANK OF ALEXANDRIA v. WILSON.

[2 Cranch, C. C. 5.] [1]

Circuit Court, District of Columbia. July Term, 1810.

NEGOTIABLE INSTRUMENTS — LIABILITY OF INDORSER—PROTEST—TIME OF NOTICE.